### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDWARD WALLACE, #B82414 | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO.  11-cv-646-JPG |
| | ) | |
| DEBBIE ISAACS, | ) | |
| DR. J. SHEPERD, | ) | |
| WARDEN EVANS, | ) | |
| SHERYL BENTON, | ) | |
| ROBERTA FEWS, | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Edward Wallace, an inmate in Big Muddy Correctional Center ("Big Muddy"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff is serving an 18 year sentence for home invasion.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

The following is an overview of the allegations in Plaintiff's complaint.  Plaintiff suffers from a number of medical conditions, including throat cancer, a fractured false hip, a damaged kidney, chronic obstructive pulmonary disease (COPD), and a problem with a rotator disk in his lower back.  Plaintiff's mother wrote a letter to Defendant Fews, who is responsible for Big Muddy's support services program, on October 14, 2009.  While it is unclear from the complaint, Plaintiff seems to imply that this letter was regarding the inadequate medical care Plaintiff was receiving at Big Muddy.  Defendant Fews did not properly investigate Plaintiff's mother's

concerns, and as a result, told Plaintiff's mother that Plaintiff was being monitored appropriately for his medical conditions and that he had made no complaints, despite the fact that Plaintiff had complained about his lack of adequate medical care.  Plaintiff does not state that he had informed Defendant Fews about a lack of adequate medical care.

On an unspecified date in October 2009, Defendant Sheperd (physician) met with Plaintiff. Defendant Sheperd presumably treated Plaintiff at this time, but did not follow up on Plaintiff's medical complaints, despite Plaintiff's emphasis on such complaints.  As a result, Plaintiff left his meeting with Defendant Sheperd in pain.

Plaintiff is currently wheelchair bound because the medical staff has not given him a replacement for his fractured false hip.  While his throat cancer is in remission, there are periods where he is unable to talk or eat solid foods and suffers from a sore throat.  Because the medical staff does not serve Plaintiff soft foods during these times, he is unable to eat and suffers from hunger pangs, dizziness, headaches, and weakness.  Additionally, the medical staff does not provide Plaintiff with adequate care for his COPD.  Plaintiff also recently learned that he has kidney problems which should have been treated long ago.  The medical staff does not give Plaintiff timely medical examinations or treatments.  Defendant Isaacs (health care administrator) was placed on notice of Plaintiff's untreated conditions, but ignored his needs.

Plaintiff filed a grievance on May 11, 2010.  Defendant Benton, who is responsible for the administration of Menard's grievance procedures, did not respond to this grievance within the time frame required by the administrative rules governing the Illinois Department of Corrections (IDOC).  Defendant Evans also failed to respond to Plaintiff's complaints, violating IDOC's administrative rules.

Plaintiff seeks injunctive relief along with punitive and compensatory damages.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two counts. The parties and the Court will use the Court's designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Deliberate Indifference to Medical Needs**

Generally, an inmate's dissatisfaction with the medical care he receives in prison does not state a constitutional claim for deliberate indifference to medical needs, even if the quality of care was substandard to the point of negligence or malpractice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). However, in certain instances, a constitutional claim may lie if a prison official's actions amount to a failure to treat a serious medical condition. A medical need is "serious" for deliberate indifference purposes where it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). In the present case, Plaintiff suffers from throat cancer (which is in remission), a fractured false hip, a damaged kidney, COPD, and a problem with a rotator disk in his lower back. Though he does not explicitly say so, Plaintiff suggests that these conditions were all diagnosed by a physician as needing treatment. Therefore, Plaintiff's medical needs are serious for deliberate indifference purposes.

To state a claim for deliberate indifference to medical care, a detainee must show that (1)

he suffered from an objectively serious condition which created a substantial risk of harm, and (2)

the defendants were aware of that risk and intentionally disregarded it.  *Minix v. Canarecci*, 597

F.3d 824, 831 (7th Cir. 2010).

> A prisoner's interest in safety does not lead to absolute liability any more than the state is the insurer of medical care for prisoners. . . . [T]he eighth amendment has a mental component.  The eighth amendment addresses only punishment.  Whether an injury inflicted by fellow prisoners, or the pain of a medical condition, is "punishment" depends on the mental state of those who cause or fail to prevent it . . . . Other mental states, including total indifference to risks, come so close to deliberateness that courts treat them alike.  Thus judges speak . . . of "deliberate indifference" or "recklessness" as the functional equivalent of intent.  Although there are shadings of meaning here, total unconcern for a prisoner's welfare – coupled with serious risks – is the functional equivalent of wanting harm to come to the prisoner.

*McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

**Defendant Fews**

Plaintiff claims that Defendant Fews failed to properly investigate his mother's concerns in

regard to his medical care.  Plaintiff alleges that he suffered from several diagnosed, serious medical

conditions which created substantial risks of harm.  However, he does not allege that Defendant Fews

was aware of those risks.  A defendant must have actual knowledge of, or reckless disregard for, a

substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000).  Plaintiff's claims

of third party complaints to a supervisor do not rise to an allegation of actual knowledge.

Accordingly, Plaintiff's claim for deliberate indifference to medical needs against Defendant Fews will

be dismissed with prejudice.

**Defendant Isaacs**

Plaintiff alleges that Defendant Isaacs disregarded his needs.  Plaintiff claims that Defendant

Isaacs was aware of his serious conditions which created substantial risks of harm, but failed to

5

respond appropriately.   Plaintiff does not allege with specificity, though, how Defendant Isaacs became aware of such risks or how she disregarded them.  Thus, his claim is conclusory and does not establish that Defendant Isaacs had the requisite mental state for deliberate indifference.  Plaintiff's claim for deliberate indifference to medical needs against Defendant Isaacs will be dismissed without prejudice.

**Defendant Sheperd**

Plaintiff claims that Defendant Sheperd failed to properly follow up on his medical complaints after providing treatment.

Mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment.  *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).  The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm."  *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).  Further, a difference of opinion between medical professionals concerning the treatment of an inmate will not support a claim for deliberate indifference. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir.  2006); *see also Garvin*, 236 F.3d at 898.

Plaintiff's allegation that Defendant Sheperd did not properly follow up on his medical complaints suggests that Defendant Sheperd treated Plaintiff, but Plaintiff was unsatisfied with the post-treatment provided by Defendant Sheperd.  Plaintiff is not entitled under the Eighth Amendment to the best possible care.  Since Defendant Sheperd treated Plaintiff initially, he took reasonable

measures to meet Plaintiff's substantial risk of serious harm.  Plaintiff's dissatisfaction with his follow-up care amounts to a demand for specific care, which the Eighth Amendment does not allow.  Accordingly, this claim against Defendant Sheperd shall be dismissed without prejudice.

Plaintiff also brings a claim of "medical malpractice" against Defendant Sheperd, based on the same conduct detailed above.  Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims.  *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008).  "A loose factual connection is generally sufficient."  *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).  While this Court has supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and

in this case the written report shall be filed within 90 days of receipt of the records).  *See* 735 ILL.

COMP. STAT. §5/2-622(a) (as amended by P.A. 90-579, effective May 1, 1998).[1]  A separate affidavit

and report shall be filed as to each defendant.  *See* 735 ILL. COMP. STAT. §5/2-622(b).

Failure to file the required affidavit is grounds for dismissal of the claim.  *See* 735 ILL. COMP.

STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).  However, whether such

dismissal should be with or without prejudice is up to the sound discretion of the court.  *Sherrod*, 223

F.3d at 614.  "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then

'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to

amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'"

*Id.*; *see also Chapman v. Chandra*, 2007 WL 1655799 *4-5 (S.D. Ill. 2007).

In the instant case, Plaintiff has failed to file the necessary affidavit[s].  Therefore, the claim

[in Count 1] shall be dismissed.  However, the dismissal shall be without prejudice at this time, and

Plaintiff shall be allowed 35 days (on or before September 5, 2012) to file the required affidavits.

Should Plaintiff fail to timely file the required affidavits, the dismissal of [Count 1] shall become a

dismissal **with prejudice.**  *See* FED. R. CIV. P. 41(b).  [alternatively, can order affidavits to be filed

before ordering dismissal; especially if other counts will be referred for further review].

**Unidentified Defendants**

Plaintiff asserts that "Defendants medical staff" failed to give him a hip replacement, feed

him soft food when necessary, provide sufficient care for his COPD, treat his kidney condition,

---

[1] P.A. 94-677, effective August 25, 2005, which amended 735 ILL. COMP. STAT. §5/2-622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be unconstitutional in its entirety in *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010).  As a result of *Lebron*, the previous version of the statute is now in effect.  *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010).

and schedule timely medical examinations and treatments. Plaintiff may have a viable claim against the individuals responsible for this conduct. However, until Plaintiff identifies those individuals by name, the matter cannot proceed further. Therefore, the Court will grant Plaintiff leave to amend his complaint in order to identify "Defendants medical staff."

**Count 2 - Grievance Procedures**

Plaintiff alleges that Defendants Evans and Benton failed to respond to his grievances within the time frame required by the administrative rules governing IDOC.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Therefore, even if the Court were to accept Plaintiff's contention that Defendants Evans and Benton failed to respond to his grievances within the prison system's time frame, such failure does not establish a constitutional violation. Accordingly, this claim against Defendants Evans and Benton shall be dismissed without prejudice.

**<u>Disposition</u>**

**IT IS HEREBY ORDERED** that Plaintiff fails to state a claim against Defendants Fews, Isaacs, Sheperd, Benton, and Evans upon which relief may be granted. Therefore, Defendant **FEWS** is **DISMISSED** from this action with prejudice and Defendants **ISAACS, SHEPERD, BENTON,** and **EVANS** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed on his claim for

deliberate indifference to medical care, Plaintiff shall file his First Amended Complaint, naming the individual Defendants directly responsible for the alleged deprivations, within 35 days of the entry of this order (on or before September 5, 2012).

Plaintiff is **ADVISED** that the First Amended Complaint shall contain ONLY the claim for deliberate indifference to medical needs described in this order, and shall name ONLY those Defendants directly and personally responsible for the allegedly unconstitutional acts.  In addition, Plaintiff should specify where and when these acts took place.  Should the First Amended Complaint not conform to these requirements, it shall be stricken and the entire case may be dismissed.  Failure to file an amended complaint may result in dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   August 8, 2012**

*s/J. Phil Gilbert*
**United States District Judge**